**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique RODRIGUEZ–LOPEZ,**
**Defendant–Appellant.**

**No. 14–50201.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2015.*

Filed April 30, 2015.

Christopher Seth Askins, Assistant U.S., Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Brian J. White, Esquire, Brian J. White, Attorney at Law, San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Enrique Rodriguez–Lopez appeals from the district court's judgment and challenges the 77–month custodial sentence and three-year term of supervised release imposed upon remand for resentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rodriguez–Lopez contends that the district court erred by (1) relying on the Guidelines sentencing range to the exclusion of other 18 U.S.C. § 3553(a) sentencing factors, (2) failing to explain adequately the sentence and address his sentencing arguments, and (3) failing to explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c). We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the court considered Rodriguez–Lopez's mitigating arguments along with the other section 3553(a) sentencing factors and sufficiently explained the sentence, including the need for the supervised release term in light of his particular circumstances. *See* U.S.S.G. § 5D1.1(c) cmt. n. 5.

Rodriguez–Lopez also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Rodriguez–Lopez's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The low-end sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez–Lopez's criminal and immigration history. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.